IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL KELLY ROBERTS,

    Plaintiff,

    v.

JOHN LAMBERT, Superintendent,
Washington State Penitentiary
and HARDY MYERS, Attorney General,
State of Oregon

    Respondents.

Case No. 00-1495-AA

OPINION AND ORDER

---

Mark Bennett Weintraub
Assistant Public Defender
151 W. Seventh Ave., Suite 510
Eugene, OR 97401
    Attorney for Petitioner

Hardy Myers
Attorney General
Douglas Y.S. Park
Assistant Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301
    Attorneys for Respondents

1 - OPINION AND ORDER

AIKEN, Judge:

Petitioner brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Oregon convictions for Robbery in the First Degree. Petitioner contends that his rights to effective assistance of counsel, due process, and jury trial were violated when he was sentenced as a dangerous offender under Oregon law.

## BACKGROUND

Petitioner's convictions arise from a robbery of the Heliotrope Natural Food store in Salem, Oregon. On May 6, 1994, two men entered the store, and one pointed a gun at a clerk's back and said "this is a robbery, give us all your money." The two men removed cash from the register drawer and left. Shortly after the robbery, petitioner and another man were found with $700 and a .38 revolver. Petitioner was arrested and charged with two counts of First Degree Robbery. Respondents' Ex. 117.

On October 20, 1994, petitioner pled guilty to the charges against him. At sentencing, the court found that "the defendant suffers from a severe personality disorder which causes the defendant to have the propensity toward crimes that seriously endanger the life or safety of others, and that the defendant is dangerous and because of the dangerousness of the defendant, an extended period of confined correctional treatment or custody is required for the protection of the public." Respondents' Ex. 101.

Petitioner was therefore adjudged a dangerous offender under Or. Rev. Stat. § 161.725(1) and sentenced to two indeterminate sentences of twenty-five years imprisonment, with a minimum sentence of 144 months on Count I and a concurrent minimum sentence of thirty-six months on Count II. Id.

Petitioner directly appealed his sentence pursuant to the procedure established in State v. Balfour, 311 Or. 434, 814 P.2d 1069 (1991). On May 23, 1995, the Oregon Court of Appeals affirmed without opinion. State v. Roberts, 133 Or. App. 603, 892 P.2d 1031 (1995), and petitioner did not seek review from the Oregon Supreme Court. On September 24, 1996, petitioner filed a petition for post-conviction relief (PCR). His case was transferred to Umatilla County, where petitioner filed an amended petition for post-conviction relief (PCR). Roberts v. Baldwin, Case No. CV97-1180. On May 28, 1999, the PCR trial court denied post-conviction relief, and petitioner appealed. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Roberts v. Baldwin, 165 Or. App. 484, 999 P.2d 561, rev. denied, 330 Or. 252, 6 P.3d 1099 (2000).

Petitioner is also subject to sentences imposed upon his convictions for crimes unrelated to the instant robbery. Two days prior to the Oregon robbery, petitioner escaped from a Canadian prison where he was serving a life sentence for Murder in the Second Degree and a 25-year sentence for attempted murder.

3 - OPINION AND ORDER

Respondents' Exs. 117, 129. Additionally, at the time of his Oregon arrest, petitioner was in the possession of a vehicle and personal property belonging to a murdered Seattle resident. Id. On June 13, 1997, petitioner was convicted of aggravated murder and felony murder in Washington state, and petitioner was sentenced to death. Id. Ex. 130. Although the Washington Supreme reversed with respect to his conviction, on remand petitioner pled guilty to one count of aggravated murder and stipulated to a sentence of life in prison without the possibility of parole. Id.

## DISCUSSION

In his federal habeas petition, petitioner asserts the four grounds for relief: 1) ineffective assistance of counsel based on trial counsel's failure to object to the use of petitioner's Canadian convictions to increase his sentence; 2) denial of his right to due process by utilizing his Canadian conviction to increase his sentence; 3) denial of due process based on the trial court's acceptance of his guilty plea without determining that it was knowing, voluntary, or with a factual basis and ineffective assistance of counsel based on counsel's failure to object to the lack of factual basis; and 4) denial the right to jury trial based on the trial court's finding that he was a dangerous offender without the predicate facts being proven to a jury beyond a reasonable doubt.

Respondents maintain that relief should be denied on the

claims alleged in grounds one through three, because petitioner did not respond to respondents' arguments that those claims are either procedurally defaulted or lack merit. I agree that petitioner has waived grounds one through three by failing to present any argument in favor or of the claims asserted in each or to respond to respondents' arguments against them. Therefore, I consider only the claims raised in ground four of the petition.

Respondents argue that petitioner's claim lacks justiciability under article III, section 2 of the United States Constitution, because petitioner lacks standing to meet the "case-or-controversy" requirement. See Spencer v. Kemna, 523 U.S. 1, 8-9 (1998). Specifically, respondents contend that petitioner suffers no cognizable injury from his Oregon convictions that is likely to be redressed by a favorable decision from this court, because he is currently serving a true life sentence in Washington and is also subject to additional terms of imprisonment resulting from his Canadian convictions. Thus, respondents maintain that petitioner suffers no harm from his Oregon convictions and this court cannot afford him practical relief, because he will remain in custody in either Canada or Washington for the rest of his life.

I decline to find that a prisoner has no "concrete stake" in the resolution of a petition for habeas relief alleging the unconstitutionality of a conviction or sentence simply because the prisoner may be subject to additional and unrelated terms of

imprisonment. Jackson v. California Dept. of Mental Health, 399 F.3d 1069, 1073, as amended by 2005 WL 1345629 (9th Cir. June 8, 2005). Indeed, petitioner remains subject to the collateral effects of his Oregon sentences, regardless of where he is and will be incarcerated. See Spencer, 523 U.S. at 12; Lane v. Williams, 455 U.S. 624, 630 (1982); Sibron v. New York, 392 U.S. 40, 55-56 (1968) (holding that it is an "obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences"); Chacon v. Wood, 36 F.3d 1459, 1463 (9th Cir. 1994). Therefore, I consider the merits of petitioner's claim asserted in ground four.

Petitioner argues that under Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), the trial court's enhancement of his sentence under the Oregon Dangerous Offender Statute violated his right to trial by jury, because the predicate facts for such a determination were not alleged the indictment or found by a jury beyond a reasonable doubt. In Apprendi, the Supreme Court held that courts cannot impose sentence beyond the prescribed statutory maximum unless the supporting facts are admitted by the defendant or found by jury. Apprendi, 530 U.S. at 490. In Blakely, the Court reviewed Washington state sentencing guidelines and held that the relevant "statutory maximum" for purposes of Apprendi and the defendant's Sixth Amendment rights was the maximum which could be imposed under

6 - OPINION AND ORDER

the state sentencing guidelines based on facts admitted or found by jury. Blakely, 124 S. Ct. at 2537. In turn, the Oregon Supreme Court has held that Blakely applies to the Oregon sentencing guidelines. State v. Dilts, 337 Or. 645, 103 P.3d 95 (2004).

Despite the fact that several courts have held that Blakely does not apply on collateral review, petitioner argues that Apprendi and Blakely announced a watershed rule under the second exception to the general rule of retroactivity enunciated in Teague v. Lane, 489 U.S. 288, 316 (1989). Thus, petitioner argues that Blakely may be applied retroactively, and that the trial court's findings that he "suffered from a severe personality disorder indicating a propensity toward crimes that seriously endanger the life or safety of another" violated his Sixth Amendment right to jury trial.

However, the Ninth Circuit recently held that Blakely cannot be applied retroactively to cases on collateral review, i.e., to state court convictions that were final before the Supreme Court issued its decision. See Schardt v. Payne, __ F.3d __, 2005 WL 1593468 *8-9 (9th Cir. July 8, 2005). In Schardt, the petitioner argued that the state court's decision to increase his sentence based on facts not found by jury violated his Sixth Amendment right to a trial by jury under Apprendi and Blakely. The Ninth Circuit rejected his claim, explicitly holding that "the Supreme Court announced a new rule in Blakely v. Washington that does not apply

retroactively to a conviction that was final before that decision was announced. Therefore, the state court's sentencing decision cannot be challenged in a petition for habeas corpus." Schardt, 2005 WL 1593468 at *11. Likewise, petitioner here cannot mount a collateral challenge to his Oregon sentence that was imposed and rendered final long before Blakely was decided.

## CONCLUSION

For the reasons set forth above, the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (doc. 2) is DENIED, and this case is dismissed.

IT IS SO ORDERED.

Dated this 27 day of July, 2005.

_____
Ann Aiken
United States District Court Judge